Daniel M. Hattis (SBN 232141)
Email: dan@hattislaw.com
Paul Karl Lukacs (SBN 197007)
Email: pkl@hattislaw.com
HATTIS LUKACS & CORRINGTON
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171

*Attorneys for Plaintiffs*
*and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA GARVIN and DANIEL ZEPEDA, for themselves, as private attorneys general, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXTEND, INC.,<br><br>Defendant. | Case No. 3:26-cv-01432<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE § 17200 *et seq.***<br><br>JURY TRIAL DEMANDED |

Plaintiffs Chaka Garvin and Daniel Zepeda (collectively, "Plaintiffs"), individually, as private attorneys general, and on behalf of all others similarly situated, allege as follows, on personal knowledge and the investigation of their counsel, against Defendant Extend, Inc. ("Extend" or "Defendant"):

## I. INTRODUCTION AND SUMMARY

1. Extend is a company which offers post-purchase protection products including shipping insurance, and was founded in 2019. Extend is funded by venture capital and finances its growth and operations from such funds.

2. For years, Extend has engaged in a massive and consistent shipping insurance scheme as an unadmitted insurer. Extend partners with online retailers to provide its shipping insurance.

3. When consumers go through the online checkout process on a partner retailer's website, they are presented with the option to purchase Extend's shipping insurance (which is typically labeled as "Package Protection" or "Extend Shipping Protection Plan") for an additional fee, purportedly to ensure that they can recover the cost of the item in the event that their purchase is lost, damaged, or stolen.

4. Extend's "Shipping Protection" meets the definition of "insurance" under California law and is subject to the California Insurance Code. Extend's "Shipping Protection" shipping insurance product is hereinafter referred to as "shipping insurance."

5. Extend's unlawful provision of shipping insurance violates California's Unfair Competition Law (UCL), California Business & Professions Code § 17200 *et seq.*, in numerous ways, as detailed in this Complaint.

6. Unadmitted insurers such as Extend are not "subject to contributions [to state guaranty associations], nor would they be readily susceptible to other California regulatory controls which promote fiscal responsibility." *Nowlon v. Koram Ins. Ctr., Inc.*, 1 Cal. App. 4th 1437, 1445 (1991).



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

7. Violations of the California Insurance Code affect important public policies in California. *See People v. United Nat. Life Ins. Co.*, 427 P.2d 199, 210 (1967) ("It is settled that 'the business of insurance is affected with a public interest.'") (internal citations omitted).

8. Extend is not an admitted insurer in the state of California, as is required under the California Insurance Code. The unlawful shipping insurance purchased by Plaintiffs and Class members was not worth the price they paid. If Plaintiffs and Class members had been aware that Extend's shipping insurance was unlicensed and unlawful, they would not have purchased it at all.

9. Plaintiffs bring this lawsuit individually and on behalf of a nationwide class of consumers who purchased Extend's shipping insurance. Plaintiffs seek recovery of all money paid to Extend for the shipping insurance. Additionally, Plaintiffs, acting as private attorneys general, seek public injunctive relief to protect the general public by enjoining Extend from engaging in its unauthorized shipping insurance scheme as alleged herein.

## II. THE PARTIES

10. Plaintiff Chaka Garvin is a citizen and resident of the city of Round Rock, in Williamson County, Texas, and is an unsophisticated consumer party.

11. Plaintiff Daniel Zepeda is a citizen and resident of the city of Lancaster, in Los Angeles County, California, and is an unsophisticated consumer party.

12. Defendant Extend, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Extend is registered to do business in California and provides unauthorized and illegal shipping insurance to consumers nationwide. When a consumer purchases Extend shipping insurance while completing his or her order on a partner retailer's website, the retailer collects the money and is later billed by Extend from California for the revenue from shipping insurance fees. If a consumer needs to file a claim, Extend evaluates and pays on the claim from its California headquarters. Extend also makes decisions on and sets the shipping insurance rates from its California headquarters.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

## III. JURISDICTION AND VENUE

13. **Subject Matter Jurisdiction.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy, exclusive of interest and costs, exceeds $5,000,000, and this is a proposed class action in which there are members of the proposed Class who are citizens of a state different from Extend.

14. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant because, without limitation: (1) Defendant is authorized to do business and regularly conducts business in California; (2) the claims alleged herein took place in California; and/or (3) Defendant has committed tortious acts within California or has committed tortious acts outside California which had an impact within California (as alleged, without limitation, throughout this Complaint). Defendant has sufficient minimum contacts with California to render the exercise of jurisdiction by this Court permissible.

15. **Venue.** Venue is proper pursuant to 28 U.S.C. §1391 because Defendant is a California citizen who resides and is headquartered in this District (specifically, in San Francisco County).

## IV. EXTEND'S UNLAWFUL SHIPPING INSURANCE SCHEME

16. Extend provides shipping insurance to consumers nationwide primarily through the websites of its partner retailers.

17. Extend is an unadmitted insurer in violation of the California Insurance Code. The unlawful shipping insurance purchased by Plaintiffs and Class members was not worth what they paid. If Plaintiffs and Class members had been aware that Extend's shipping insurance was unlawful, they wouldn't have purchased it at all.

18. On its website, Extend describes its shipping insurance product "Shipping Protection." Extend claims that its "Shipping Protection" will replace a package "if it's lost,



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

damaged, or stolen." See the screenshot below showing information about Extend's "Shipping Protection" on its website.[1]

**Extend Website – Extend Shipping Protection**




19. Extend further states on its website that consumers who purchase its "Shipping Protection" can "contact Extend online 24/7" "in case of loss, damage, or theft during shipment." For lost or stolen packages, consumers "may receive a gift card for the value of the product (plus shipping costs and taxes) so [they] can order a replacement." For damaged products, "a full or partial refund via a gift card may be provided or the product may be repaired." *See* "Extend Shipping Protection Guide," Extend, at https://www.extend.com/shipping-protection-guide.

20. Extend has "over 900 trusted partnerships" with merchants to offer its insurance products. *See* Extend, at https://www.extend.com/shipping-protection.

[1] *See* Extend's website at: https://customers.extend.com/en-US/shipping_protection_plan_details/spp002a?offerType=OPT_OUT&storeId=1847cc20-aa8a-45f0-b9a8-2a36ba7e4afe.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

21. Extend's partner retailers act as Extend's agents, where Extend provides its shipping insurance through those retailers' websites. After consumers purchase Extend's shipping insurance, the retailers then submit the insurance premiums to Extend.

22. When a consumer goes through the online checkout process on a partner retailer's website, Extend's shipping insurance typically appears as an additional item in the online shopping cart alongside the products the consumer chose for purchase.

23. Extend represents that its shipping insurance "[r]eplaces lost, damaged, or stolen products." Extend provides this language to its partner retailers and these representations are uniform across all of its partner retailers' websites.

24. If consumers click on the "Learn More" option next to Extend's shipping insurance during checkout, consumers can see an additional information popup about Extend's shipping insurance. There, Extend states that its coverage includes lost, stolen, or damaged packages. This additional information popup is designed, written, and provided by Extend.

25. In the final step of the transaction, Extend sends consumers an email which confirms the consumer's purchase of Extend's shipping insurance and provides information about the shipping insurance. Although the email includes details of the consumer's order from the partner retailer's website, the confirmation email is sent by Extend (<u>not</u> the retailer) from an @extend.com email address.

26. In this confirmation email, Extend lists the covered items and gives instructions on how to report an issue with the order. Extend also states that its shipping insurance enables the consumer to "receive a replacement in case of loss, damage, or theft." See the screenshots below showing the confirmation email received by Plaintiff Daniel Zepeda, which is typical and representative of the shipping insurance confirmation emails sent by Extend to its consumer customers.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**Extend Confirmation Email For Extend Shipping Protection Purchase**

**From:** Extend <no-reply@extend.com>
**Date:** November 29, 2024 at 7:07:28 AM PST
**To:** [redacted]
**Subject: Extend Shipping Protection Confirmation**
**Reply-To:** no-reply@extend.com

Extend®

Jomashop

Extend
Shipping Protection

**Thanks for adding Extend Shipping Protection.**

Hey Daniel Zepeda, excited for your delivery? You added Extend, so it's smooth sailing no matter what happens next.

**Learn More**



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

YOUR PURCHASE FROM

## Jomashop

| PRODUCT NAME | QUANTITY |
| --- | --- |
| Lacoste Mens Essential EDT Spray 4.2 oz (Tester) Fragrances 737052483252 | 1 |
| Eternity Aqua / Calvin Klein EDT Spray 3.3 oz (m) | 1 |
| Signature Mens Blue EDP Spray 3.4 oz (Tester) Fragrances 6390902023134 | 1 |

SHIPPING CONTRACT ID

70c83545-ad10-434e-bb4a-2f4e6bff2573

## What's included:

**Worry-free delivery**

You'll receive a replacement in case of loss, damage, or theft.

**No service fees**

Never be surprised by hidden fees. If shipping goes wrong, we'll make sure you receive a new product.

**Speedy online support**

Get help when it's convenient for you. Make a claim request 24/7 with Kaley for friendly online assistance.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com




27. Although Extend sometimes refers to its shipping insurance as "Package Protection," "Extend Shipping Protection Plan" or other similar terms, Extend's product for the purposes of this Complaint will be referred to as "shipping insurance" except when directly citing representations by Extend. All mentions of "Package Protection," "Extend Shipping Protection Plan" or other similar terms are synonymous with "shipping insurance."

## V. EXTEND'S SHIPPING INSURANCE IS "INSURANCE" AS DEFINED UNDER THE CALIFORNIA INSURANCE CODE

28. Under the California Insurance Code, "insurance" refers to "a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event." Cal. Ins. Code § 22.

29. By Extend's own description, its shipping insurance purports to protect consumers' packages "from loss, theft, and damage until they arrive safely in [the consumer's] hands." *See* "Extend Shipping Protection," Extend, at https://customers.extend.com/en-US/shipping_protection_plan_details.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

30. Thus, Extend's shipping insurance is "insurance" under the California Insurance Code because it is "a contract whereby [Extend] undertakes to indemnify [consumers who purchase Extend's shipping insurance] against loss, damage, or liability arising from [issues that occur during shipment]." Cal. Ins. Code § 22.

31. Specifically, Extend's shipping insurance is "marine insurance" as it is "insurance against any and all kinds of loss of or damage to" goods or merchandise "in connection with any and all risks or perils of navigation, transit, or transportation." Cal. Ins. Code § 103(a).

32. Extend's business model is to offer its shipping insurance product on the websites of its partner retailers, who act as contracted agents through whose websites Extend provides its shipping insurance to consumers.

33. The language that Extend has all of its partner retailers display to consumers during the checkout process further demonstrates that Extend's shipping insurance is marine insurance under the California Insurance Code. Extend states that its shipping insurance is meant to cover "lost, damaged, or stolen products."

34. Extend makes these same representations in the confirmation email it sends to its consumer customers immediately after they purchase Extend shipping insurance on partner retailer websites. Extend's confirmation email states that its shipping insurance enables the consumer to "receive a replacement in case of loss, damage, or theft."

35. Although the shipping insurance is purchased on the partner retailer websites, the retailers hand over to Extend the insurance premiums they collect on a monthly basis. *See* "Billing," Extend, at https://docs.extend.com/docs/billing.

36. Extend's process for customers to submit a "claim" also closely resembles that of a legitimate insurance company. When an issue occurs with their shipment, customers can file a claim online through the Extend website, at https://customers.extend.com/en-US/authentication. Extend claims that consumers can "contact Extend online 24/7" and that "[m]ost issues are resolved in minutes." *See* "Extend Shipping Protection Guide," Extend, at https://www.extend.com/shipping-protection-guide.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

37. Extend will then assess the claim to determine if it qualifies for a payout. If it does, "Extend will replace [the] product" and send consumers a "store credit or gift card for the value of the product plus shipping costs and taxes so [they] can order a replacement product quickly." *See* "Extend Shipping Protection," Extend, at https://customers.extend.com/en-US/shipping_protection_plan_details. In some cases, Extend may also "ship the replacement product directly to [the consumer]." *Id.*

38. Based on counsel's investigation, Extend has complete and unfettered control over setting the insurance rates it charges to consumers. Contrary to the law, Extend does not provide information about or seek or receive approval of the rates for its shipping insurance from any state insurance departments—neither in its home state of California nor in any other state.

## VI. EXTEND'S UNLAWFUL SHIPPING INSURANCE SCHEME HARMS CONSUMERS AND VIOLATES CALIFORNIA LAW

39. Under the California Insurance Code, insurers "shall not transact any class of insurance business in this state without first being admitted for that class." Cal. Ins. Code § 700(a).

40. A "nonadmitted insurer" is "an insurer not licensed or admitted to engage in the business of insurance in this state in conformity with Section 700." Cal. Ins. Code § 1760.1(n).

41. Extend is not an admitted insurer to provide marine insurance in the state of California and thus cannot legally provide its shipping insurance, a marine insurance product, to consumers anywhere in the United States.

42. According to Extend's website, "Eligible shipments are insured under a cargo insurance policy (the "Extend Policy") issued to Extend, Inc. by Overtime Insurance Solutions Corporation and produced through Extend Insurance Agency, Inc." *See* "Extend Shipping Protection Guide," Extend, at https://www.extend.com/shipping-protection-guide (viewable by expanding the last FAQ on the list).

43. Extend further states that the consumer is "not an insured under the Extend Policy." *Id*. This is the only insurance policy ever referenced by Extend.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

44. Based on counsel's investigation, Extend has simply provided self-insurance to itself. Overtime Insurance Solutions Corporation is a wholly owned subsidiary of Extend and is a captive insurance company that only provides insurance to Extend, not to consumers. (Extend Insurance Agency is another wholly owned subsidiary which acts as an insurance agent to sell the captive insurance policy from Overtime Insurance Solutions Company to their parent company Extend, Inc.) Neither Extend nor any of its wholly owned subsidiaries is a licensed or admitted insurance company with a licensed insurance product that can be provided to consumers.

45. Therefore, contrary to Extend's representations, what Extend consumer customers receive is an insurance policy of Extend's own invention that is unauthorized and is completely separate from the policy that Extend has secured for itself.

46. In reality, Extend is a nonadmitted insurer providing unlawful and unauthorized insurance in violation of the California Insurance Code. *See* Cal. Ins. Code § 1760.1(n); Cal. Ins. Code § 700(a)

47. Despite this, Extend continues to represent to consumers that its shipping insurance is an authorized insurance product that provides protection for lost, damaged, and stolen packages.

48. Reasonable consumers would not know that Extend is an unadmitted and unauthorized insurer, nor would they have any reason to suspect that Extend is an unadmitted and unauthorized insurer. Reasonable consumers would not know that Extend's actions are illegal and in violation of the California Insurance Code. Instead, any reasonable consumer purchaser of Extend's shipping insurance product would believe that he or she was purchasing legitimate, legal insurance from an admitted insurer.

49. As a direct and proximate result of Extend's unauthorized provision of shipping insurance as an unadmitted insurer, Plaintiffs and Class members were harmed and lost money or property.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

50. The unlawful shipping insurance purchased by Plaintiffs and Class members was not worth the price they paid. If Plaintiffs and Class members had been aware that Extend's shipping insurance was unlawful, they would not have purchased it at all.

51. Plaintiffs and Class members believed that Extend provided its shipping insurance as an admitted insurer, and that the shipping insurance thus had all the benefits and protections of legitimate insurance products provided by admitted insurers.

52. By law, legitimate, insurance companies are required to be members of the guaranty association in the states where they are licensed to do business. See "Guaranty Associations," ACLI, https://www.acli.com/about-the-industry/guaranty-associations. Like most other states in the United States, California has two types of guaranty associations: one for life and health insurance and one for property and casualty insurance. *Id*.

53. Specifically, California has the California Insurance Guarantee Association[2] for property and casualty insurance and the California Life & Health Insurance Guarantee Association[3] for life and health insurance.

54. These guaranty associations are funded by the licensed insurance companies, who are all required to pay a certain percentage, typically two percent, of their net direct written premium to the association. *See* "Supporting a System of Policyholder Protection," National Conference of Insurance Guaranty Funds, https://www.ncigf.org.

55. When an insurance company becomes insolvent, all unresolved policyholder claims are transferred to the state guaranty fund for assessment. *Id.* These claims are then paid out to policyholders from the company's remaining assets and the state guarantee fund. *Id.*

56. Insurance companies must pay into the guaranty fund for every state in which they are licensed. *See* "State Guaranty Fund: What it is, How it Works," Investopedia, https://www.investopedia.com/terms/s/stateguarantyfund.asp.

57. Unlicensed insurance companies do not pay into the fund, and as such, there is no way for policyholders to recover unpaid claims from such companies. *Id.*

---

[2] See https://www.ciga.org.

[3] See https://www.califega.org.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

58. If a consumer purchases insurance from an unlicensed insurer, the consumer will have fewer or even no protections if that insurer becomes insolvent. Therefore, a consumer is faced with substantially higher risks if they purchase from an unlicensed insurer rather than a licensed one—especially when that unlicensed insurer is a startup company funded by venture capital like Extend.

59. California law prohibits unadmitted insurers such as Extend from engaging in or transacting the business of insurance.

60. Violations of the California Insurance Code affect important public policies in California. *See People v. United Nat. Life Ins. Co.*, 427 P.2d 199, 210 (1967) ("It is settled that 'the business of insurance is affected with a public interest.'") (internal citations omitted).

61. California's Unfair Competition Law ("UCL") broadly bans all unlawful, unfair, and deceptive business practices. Cal. Bus. & Prof. Code § 17200.

62. A UCL claim may be predicated on "[v]irtually any law" under the UCL's "unlawful" prong. *State Farm Fire & Cas. Co. v. Superior Ct.*, 45 Cal. App. 4th 1093, 1102 (1996). This is true "even if the underlying statute rendering the conduct unlawful does not itself create an independent right of action." *People v. Adir Int'l, LLC*, 114 Cal. App. 5th 275, 289 (2025).

63. Extend violates the California Insurance Code by transacting shipping insurance (a form of marine insurance) "business in this state without first being admitted for that class." Cal. Ins. Code § 700(a).

64. Extend's actions additionally violate the "unfair" prong of the UCL.

65. As described above, the purpose of California's guaranty associations is to protect the insured in the event that an insurance company becomes insolvent by ensuring that the insured can still receive the payouts for their claims. Insurance companies that are licensed in California are backed by one of California's guaranty associations and are regulated under the California Insurance Code.

66. By contrast, an unadmitted insurer such as Extend is not "subject to contributions [to state guaranty associations], nor would [it] be readily susceptible to other


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

California regulatory controls which promote fiscal responsibility." *Nowlon v. Koram Ins. Ctr., Inc.*, 1 Cal. App. 4th 1437, 1445 (1991).

67. Unlike a legitimate, admitted insurance company, Extend is a startup company that only survives as a result of funds given by investors. There will be little to no protections for Plaintiffs and Class members who purchased Extend's shipping insurance if Extend goes insolvent, and as such Plaintiffs and Class members are faced with much higher risks than consumers who purchased insurance from admitted insurance companies offering legitimate insurance.

68. Plaintiffs and Class members did not know that Extend was not an admitted insurance company when they purchased Extend's shipping insurance. Extend took advantage of this lack of knowledge and as a result, Plaintiffs and Class members—believing that the shipping insurance they purchased had all the same benefits and protections as insurance sold by an admitted insurer—paid more for Extend's unlawful shipping insurance than it was worth.

69. It was unfair for Plaintiffs and Class members to pay the prices they paid for Extend's shipping insurance because Extend is an unadmitted insurer and its shipping insurance is not worth the prices they paid.

70. Extend should not be able to make money and profit from its unlawful insurance product where Extend knowingly did not seek proper admittance under the California Insurance Code and behaved in ways it knew violated the California Insurance Code.

71. As a direct and proximate result of Extend's acts and omissions, all consumers who purchased Extend's shipping insurance have been harmed and have lost money or property.

72. Extend continues to provide shipping insurance as an unadmitted insurer to this day. There is no reason to believe that Extend will voluntarily and permanently cease its unlawful practices. Moreover, in the unlikely event that Extend was to cease its unlawful practices, Extend can and is likely to recommence these unlawful practices.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

73. In acting toward consumers and the general public in the manner alleged herein, Extend acted with and was guilty of malice and oppression and acted in a manner with a strong and negative impact upon Plaintiffs, the Class, and the public.

## VII. PLAINTIFF CHAKA GARVIN'S PURCHASE OF EXTEND'S SHIPPING INSURANCE

74. Plaintiff Chaka Garvin is, and at all relevant times has been, a citizen and resident of the city of Round Rock, in Williamson County, Texas.

75. Ms. Garvin purchased Extend's shipping insurance product and is a victim of Extend's unauthorized shipping insurance scheme.

76. For example, on June 29, 2025, Ms. Garvin visited the Bed, Bath & Beyond website, www.bedbathandbeyond.com, to shop for barstools. After adding her desired items to her shopping cart, Ms. Garvin then proceeded through the checkout process.

77. On the checkout page, Extend's "Shipping Protection" option appeared alongside the rest of Ms. Garvin's order in the manner described above at ¶¶ 22–24. Ms. Garvin proceeded through the checkout process and completed her order, including for Extend's shipping insurance. Ms. Garvin was charged an additional $10.90 on her order for Extend's "Shipping Protection" shipping insurance.

78. After completing her order, on that same day Ms. Garvin received an email from Extend which confirmed her purchase of Extend's shipping insurance. The email was sent by Extend and described the Extend shipping insurance product she had purchased. In the email, Extend listed the covered products that she had purchased and represented that the shipping insurance would enable her to "receive a replacement in case of loss, damage, or theft." See the below screenshots showing the confirmation email Ms. Garvin received.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**Confirmation Email From Extend Stating That Ms. Garvin's Order From Bed, Bath & Beyond Is Protected By Extend's "Shipping Protection"**

**Subject** Extend Shipping Protection Confirmation
**To:** [redacted]
**From** Extend <support@extend.com>
**Date:** Sun, Jun 29, 2025 at 7:57 PM

buybuy BABY + BED BATH & BEYOND

Beyond Protection
Powered by Extend

# Thanks for adding Extend Shipping Protection.

Hey Chaka Garvin, excited for your delivery? You added Extend, so it's smooth sailing no matter what happens next.

**Learn More**



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

## Bed Bath & Beyond

| PRODUCT NAME | QUANTITY |
|---|---|
| 26 in. Set of 4 Bar Stools Counter Height Barstool 360° Swivel with Curved Backrest,Armless Stool | 1 |

SHIPPING CONTRACT ID

c11215cb-cfa8-4cef-8cf9-fc64bfbb6dc5

## What's included:

**Worry-free delivery**

You'll receive a replacement in case of loss, damage, or theft.

**No service fees**

Never be surprised by hidden fees. If shipping goes wrong, we'll make sure you receive a new product.

**Speedy online support**

Get help when it's convenient for you. Make a service request 24/7 with Kaley for friendly online assistance.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com




79. When Ms. Garvin made her purchase, she had no suspicion that Extend was not admitted by the California Department of Insurance (nor by any other state department of insurance) to provide shipping insurance to consumers. Ms. Garvin did not know that Extend was offering an unlicensed and illegal insurance product.

80. Ms. Garvin would not have purchased Extend's shipping insurance had she known that Extend is an unadmitted insurer and that Extend was offering an unlicensed and illegal insurance product.

81. As a direct and proximate result of Extend's acts and omissions, Ms. Garvin was harmed, suffered an injury-in-fact, and lost money or property.

82. When Ms. Garvin shopped on Bed, Bath & Beyond and bought Extend's shipping insurance, she had no suspicion that there was any deceptive or unlawful conduct affecting her purchase. Bed, Bath & Beyond and Extend gave Ms. Garvin no reason to be


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

suspicious. Ms. Garvin first learned of the illegal nature of Extend's shipping insurance in February 2026 when her attorneys told her about Extend's unlawful conduct and informed her that she was a victim of the scheme. Prior to this, Ms. Garvin did not know or suspect that Extend was engaging in an unauthorized and illegal shipping insurance scheme or that she had been a victim of the scheme.

83. Ms. Garvin has a legal right to now bring an action against Extend to recover any and all of the money she paid for Extend's shipping insurance.

## VIII. PLAINTIFF DANIEL ZEPEDA'S PURCHASE OF EXTEND'S SHIPPING INSURANCE

84. Plaintiff Daniel Zepeda is, and at all relevant times has been, a citizen and resident of the city of Lancaster, in Los Angeles County, California.

85. Mr. Zepeda made multiple purchases of Extend's shipping insurance and is a victim of Extend's unauthorized shipping insurance scheme.

86. For example, on November 27, 2024, Mr. Zepeda visited the Jomashop website, www.jomashop.com, to shop for fragrances. After adding his desired items to his shopping cart, Mr. Zepeda then proceeded through the checkout process.

87. On the checkout page, Extend's "Shipping Protection" option appeared alongside the rest of Mr. Zepeda's order in the manner described above at ¶¶ 22–24. Mr. Zepeda proceeded through the checkout process and completed his order, including for Extend's shipping insurance. Mr. Zepeda was charged an additional $2.00 on his order for Extend's "Shipping Protection" shipping insurance.

88. Two days after completing his order, on November 29, 2024, Mr. Zepeda received an email from Extend which confirmed his purchase of Extend's shipping insurance. Screenshots of this email are provided at ¶ 26 above.

89. The email was sent by Extend and described the Extend shipping insurance product he had purchased. In the email, Extend listed the covered products that Mr. Zepeda had purchased and represented that the shipping insurance would enable him to "receive a replacement in case of loss, damage, or theft."

90. When Mr. Zepeda made his purchase, he had no suspicion that Extend was not admitted by the California Department of Insurance (nor by any other state department of insurance) to provide shipping insurance to consumers. Mr. Zepeda did not know that Extend was offering an unlicensed and illegal insurance product.

91. Mr. Zepeda would not have purchased Extend's shipping insurance had he known that Extend is an unadmitted insurer and that Extend was offering an unlicensed and illegal insurance product.

92. As a direct and proximate result of Extend's acts and omissions, Mr. Zepeda was harmed, suffered an injury-in-fact, and lost money or property.

93. When Mr. Zepeda shopped on Jomashop and bought Extend's shipping insurance, he had no suspicion that there was any deceptive or unlawful conduct affecting his purchase. Jomashop and Extend gave Mr. Zepeda no reason to be suspicious. Mr. Zepeda first learned of the illegal nature of Extend's shipping insurance in February 2026 when his attorneys told him about Extend's unlawful conduct and informed him that he was a victim of the scheme. Prior to this, Mr. Zepeda did not know or suspect that Extend was engaging in an unauthorized and illegal shipping insurance scheme or that he had been a victim of the scheme.

94. Mr. Zepeda has a legal right to now bring an action against Extend to recover any and all of the money he paid for Extend's shipping insurance.

## CLASS ALLEGATIONS

95. Plaintiffs bring this class action on behalf of themselves and the following class (the "Class"):

> **All consumers nationwide who, within the applicable limitations period purchased Extend's "Shipping Protection" or other shipping insurance products.**

96. Specifically excluded from the Class are Extend and any entities in which Extend has a controlling interest, Extend's agents and employees, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

97. **Application of the Discovery Rule.** This Court should apply the discovery rule to extend any applicable limitations period and corresponding class period to August 1, 2021, which is the date on which Extend first engaged in its unlawful shipping insurance scheme.

98. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *E-Fab, Inc. v. Accts., Inc. Servs.*, 153 Cal. App. 4th 1308, 1318 (2007). Plaintiffs and the members of the Class did not know, and could not have reasonably known, about Extend's unlawful conduct.

99. When Plaintiffs bought Extend's shipping insurance while shopping on the Extend partner retailer websites, they had no suspicion that Extend was an unadmitted insurer under California law or that the shipping insurance product provided by Extend was an unlicensed and unlawful insurance product. Plaintiffs did not know and did not have reason to know that Extend's actions violated the California Insurance Code. Extend gave Plaintiffs no reason to be suspicious. Plaintiffs first learned of the illegal nature of Extend's shipping insurance in February 2026 when their attorneys told them about Extend's unlawful conduct and informed them that they were victims of the scheme. Prior to this, Plaintiffs did not know or suspect that Extend was offering unauthorized and illegal shipping insurance or that they had been victims of the scheme.

100. Likewise, class members would not have known or suspected that Extend was engaging in this deceptive shipping insurance scheme. Reasonable consumers presume that companies like Extend are not engaging in unlawful conduct. Reasonable consumers would believe that Extend's representations about its insurance products were true. Reasonable consumers would believe that the shipping insurance they received was a legitimate insurance contract from an authorized insurer that complied with the California Insurance Code.

101. Moreover, Plaintiffs and the Class could not have, with the exercise of reasonable diligence, discovered Extend's shipping insurance scheme because, by design, its very nature is hidden and impossible for a reasonable consumer to discover. Further, Extend made affirmative misrepresentations on its website that its shipping insurance was legitimate,



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

giving Plaintiffs and Class members even less ability to learn, or reason to suspect, that Extend was violating the California Insurance Code.

102. Plaintiffs' counsel only found evidence for Extend's deceptive scheme by conducting an extensive investigation that no reasonable person would conduct.

103. **Numerosity.** The number of members of the Class are so numerous that joinder of all members would be impracticable. Plaintiffs do not know the exact number of Class members prior to discovery. However, based on information and belief, the Class comprises thousands of individuals. The exact number and identities of Class members are contained in Extend's records and can be easily ascertained from those records.

104. **Commonality and Predominance.** This action involves multiple common legal or factual questions which are capable of generating classwide answers that will drive the resolution of this case. These common questions predominate over any questions affecting individual Class members, if any. These common questions include, but are not limited to, the following:

105. Whether the alleged conduct of Extend violates the California Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*;

106. Whether Plaintiffs and the Class have suffered injury and have lost money or property as a result of Extend's unlawful conduct;

107. Whether Extend should be ordered to pay back any and all money obtained from Plaintiffs and the Class for its unlawful shipping insurance; and

108. Whether Extend should be enjoined from engaging in the unlawful conduct alleged herein.

109. **Typicality.** Plaintiffs' claims are typical of Class members' claims. Plaintiffs and Class members all sustained injury as a direct result of Extend's standard practices and schemes, bring the same claims, and face the same potential defenses.

110. **Adequacy.** Plaintiffs and their counsel will fairly and adequately protect Class members' interests. Plaintiffs have no interests antagonistic to Class members' interests and are committed to representing the best interests of Class members. Moreover, Plaintiffs have


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

retained counsel with considerable experience and success in prosecuting complex class action and consumer protection cases.

111. **Superiority.** A class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. Each Class member's interests are small compared to the burden and expense required to litigate each of his or her claims individually, so it would be impractical and would not make economic sense for Class members to seek individual redress for Extend's conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system. Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiffs do not anticipate any difficulties in managing a class action trial.

112. By its conduct and omissions alleged herein, Extend has acted and refused to act on grounds that apply generally to Class members, such that declaratory relief is appropriate respecting the Class as a whole.

113. Extend is primarily engaged in the business of providing insurance. Each cause of action brought by Plaintiffs against Extend in this Complaint arises from and is limited to statements or conduct by Extend that consist of representations of fact about Extend's business operations or insurance products that are or were made for the purpose of obtaining approval for, promoting, or securing sales of or commercial transactions in, Extend's insurance products. Each cause of action brought by Plaintiffs against Extend in this Complaint arises from and is limited to statements or conduct by Extend for which the intended audience is an actual or potential customer, or a person likely to repeat the statements to, or otherwise influence, an actual or potential customer.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

## CAUSES OF ACTION

## COUNT I

**Violation of the California's Unfair Competition Law ("UCL")**
**California Business & Professions Code § 17200 *et seq*.**

114. Plaintiffs reallege and incorporate by reference all paragraphs previously alleged herein.

115. Plaintiffs bring this claim in their individual capacities, in their capacities as private attorneys general seeking the imposition of public injunctive relief, and as representatives of the Class.

116. California Business & Professions Code § 17200, *et seq.*, also known as California's Unfair Competition Law ("UCL"), prohibits any unfair or unlawful business practice.

117. **"Unlawful" Prong.** Extend has violated the UCL by transacting shipping insurance, a form of marine insurance, "business in [California] without first being admitted for that class," in violation of California Insurance Code § 700(a).

118. **"Unfair" Prong.** Extend has violated the UCL by providing shipping insurance as an unadmitted insurer that is not a member of or contributor to either of California's guaranty associations.

119. With respect to omissions, Extend at all relevant times had a duty to disclose the information in question because, inter alia, Extend had exclusive knowledge of material information that was not known to Plaintiffs and Class members.

120. As a direct and proximate result of Extend's violations of the UCL, Plaintiffs and Class members were harmed, suffered injury-in-fact, and lost money or property.

121. Extend is not an admitted insurer in the state of California, as is required under the California Insurance Code. The unlawful shipping insurance purchased by Plaintiffs and Class members was not worth what they paid. If Plaintiffs and Class members had been aware that Extend's shipping insurance was unlawful, they would not have purchased it at all.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

122. By its conduct and omissions alleged herein, Extend received more money from Plaintiffs and Class members than it should have received. Extend should be ordered to disgorge or make restitution of all monies improperly accepted, received, or retained.

123. Extend's conduct and omissions alleged herein are immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Class members. Perpetrating a years-long scheme of providing unlawful shipping insurance is immoral, unethical, and unscrupulous. Moreover, Extend's conduct is oppressive and substantially injurious to consumers. There is no utility to Extend's conduct, and even if there were any utility, it would be significantly outweighed by the gravity of the harm to consumers caused by Extend's conduct alleged herein.

124. Plaintiffs seek an order granting restitution to Plaintiffs and Class members in an amount to be proven at trial. Plaintiffs further seek an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

125. **Permanent public injunctive relief.** Plaintiffs, acting as private attorneys general, seek public injunctive relief under the UCL to protect the general public from Extend's unlawful shipping insurance scheme.

126. Violations of the California Insurance Code affect important public policies in California. *See People v. United Nat. Life Ins. Co.*, 427 P.2d 199, 210 (1967) ("It is settled that 'the business of insurance is affected with a public interest.'") (internal citations omitted).

127. Extend's misconduct which affects and harms the general public is ongoing in part or in whole and even if such conduct were to cease, it is behavior that is capable of repetition or re-occurrence by Extend absent a permanent public injunction. Accordingly, Plaintiffs seek an order enjoining Extend from committing the unlawful practices alleged herein.

128. The balance of the equities favors the entry of permanent public injunctive relief against Extend. Plaintiffs, the members of the Class, honest and lawful competing businesses, and the general public will be irreparably harmed from Extend's unlawful shipping insurance scheme absent the entry of permanent public injunctive relief against Extend.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

129. Plaintiffs lack an adequate remedy at law to prevent Extend from engaging in the unlawful practices alleged herein.

130. Monetary damages are not an adequate remedy at law for future harm. *Clark v. Eddie Bauer LLC*, 2024 WL 177755, at *3 (9th Cir. Jan. 17, 2024). Monetary damages are inadequate for future harm for the following reasons, without limitation: First, damages will not prevent Extend from engaging in its unlawful conduct. Second, damages for future harm cannot be calculated with certainty and thus cannot be awarded. Third, injunctive relief is necessary (and monetary damages do not provide a plain, adequate and complete remedy) because, without forward-looking injunctive relief enjoining the unlawful practices, the courts may be flooded with future lawsuits by Class members, Plaintiffs, and the general public for future violations of the law by Extend.

## PRAYER FOR RELIEF

Plaintiffs Chaka Garvin and Daniel Zepeda, on behalf of themselves and the proposed Class, request that the Court order relief and enter judgement against Defendant Extend, Inc. as follows:

1. Declare this action to be a proper class action, certify the proposed Class, and appoint Plaintiffs and their counsel to represent the Class;

2. Order that the discovery rule applies to extend any applicable limitations period and the corresponding class period back to August 1, 2021 (the date Extend first engaged in the unlawful conduct alleged herein);

3. Declare that Extend is providing insurance in violation Cal. Ins. Code § 700(a);

4. Declare that Extend's conduct alleged herein violates the UCL;

5. Order disgorgement and/or restitution, including, without limitation, disgorgement of all revenues, profits and/or unjust enrichment that Extend obtained, directly or indirectly, from Plaintiffs and Class members as a result of the unlawful conduct alleged herein;

6. Permanently enjoin Extend from engaging in the unlawful conduct alleged herein;


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

7. Retain jurisdiction to monitor Extend's compliance with the permanent public injunctive relief requested;

8. Order Extend to pay attorneys' fees, costs, and pre-judgment and post-judgment interest to the extent allowed by law; and

9. Grant such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Date: February 18, 2026.

Presented by:

HATTIS LUKACS & CORRINGTON

By: ______________________
Daniel M. Hattis (SBN 232141)
Email: dan@hattislaw.com
Paul Karl Lukacs (SBN 197007)
Email: pkl@hattislaw.com
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650

*Attorneys for Plaintiffs*
*and the Proposed Class*